*1049 ROBB, Chief Judge,
dissenting.
I respectfully dissent from the majority’s conclusion that Evans’s complaint should be dismissed. While I agree with our prior conclusion that “a county board of commissioners does not ‘ha[ve] the power to limit the discretionary functions of its successors,”’ op. at 1047 (quoting Allen Cnty. Council v. Stellhorn, 729 N.E.2d 608, 612 (Ind.Ct.App.2000), trans. denied), I disagree with the majority’s conclusion that this is such an occasion.
Evans’s employment contract does appear to grant her a role in certain discretionary functions, but I do not believe it goes so far as to limit the discretionary functions of the commissioners overseeing her position. As the Board states in its appellate brief, “[t]he human resources director reports to the county commissioners,” “Evans did not have the authority to hire or fire employees,” “significant issues had to be submitted to the county attorney,” and part of Evans’s role was to advise them “on personnel issues.” Brief of Appellant at 4, 7. Included in Evans’s job description is that she “mak[es] recommendations to County Council regarding established job grades and salary increase” and “mak[es] hiring recommendations.” App. of Appellant at 50. Further, her employment agreement with the Board states “[t]he Human Resource Director shall report to the Delaware County Commissioners.” Appendix of Appellant at 15. Read as a whole, the agreement does give Evans a certain amount of latitude in performing the role of Human Resource Director — such as “exercising independent judgment in developing, interpreting and applying County policies, legal requirements and employee benefits programs to individual cases” and assisting “in developing and administering personnel policies and procedures and benefit programs, as well as ensuring] compliance with local, state and federal regulations,” id. at 16[2] — but that freedom is constrained to certain administrative aspects of the oversight of the County’s employment relationship with its employees, Evans is still subject to the authority of the County Commissioners, and the policies she is charged with “developing, interpreting and applying” are not her own, they are the County’s. The major decision-making authority remains with the Commissioners. I would therefore conclude Evans’s contract does not limit the discretionary authority of the new Commissioners and Evans’s complaint for breach of her employment contract should not be dismissed.

. It is important to note that rather than having an explicit role in forming "public policy,” see op. at 1047 (quoting City of Indpls. v. Duffitt, 929 N.E.2d 231, 236 (Ind.Ct.App.2010)), the role afforded Evans, while not entirely clear, appears to be in forming employment policies. While employment policies may include small public policy decisions, as a whole the ability to craft employment policies is significantly less discretionary than making public policy choices.